FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 15 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the
Joint Industry Board of the Electrical Industry,
                Plaintiff,
-against-
MJC ELECTRIC, INC., d/b/a/ MJC
ELECTRICAL CONTRACTORS, INC., and
MICHAEL CASTELANO,
                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-CV-3293 (CBA)(SMG)

**AMON, Chief United States District Judge.**

On June 10, 2013, plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry ("JIB") and fiduciary and administrator of various employee benefit plans, commenced this action against MJC Electric Inc. ("MJC") and its principal, Michael Castellano (together, "defendants"). (Docket Entry ("D.E.") # 1.) Plaintiff alleges that defendants failed to make certain contributions to employee benefit plans in violation of the Employee Retirement Income Security Act of 1974 ("ERISA") and the Labor Management Relations Act ("LMRA"). Defendants failed to appear or otherwise defend this action and the Clerk of Court noted the default of defendant MJC and defendant Castellano on July 25 and July 26, 2013, respectively. On December 6, 2013, plaintiff filed a motion for default judgment. (D.E. # 11.) This Court referred the motion to Magistrate Judge Steven M. Gold for report and recommendation.

On July 30, 2014, Magistrate Judge Gold issued a Report and Recommendation ("R&R") recommending that the Court grant plaintiff's motion for default judgment and award plaintiff damages for: (1) audit deficiencies; (2) amounts due under a stipulation entered into between JIB and defendants; (3) unpaid contributions; (4) interest on late-paid contributions; and (5) liquidated damages. (D.E. # 20.)

No party has objected to the R&R, and the time for doing so has passed. When deciding

1

whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).

The Court has reviewed the record and, finding no clear error, adopts Magistrate Judge Gold's R&R as the opinion of the Court. The Clerk of Court is directed to enter judgment against the defendants as follows. Defendants MJC and Castellano are jointly and severally liable for: (1) the amount due under the stipulation, $52,499.65, plus prejudgment interest at the rate of 3% per annum from January 29, 2014 to the date of judgment; and (2) $10,499.94 in liquidated damages for the amount due under the stipulation.[1] Defendant MJC is further liable for: (1) $20,976 for the audit deficiency; (2) $383,632.94 in unpaid contributions, plus 3% interest per annum from August 24, 2013 to the date of judgment on $371,446.55 of that amount, and 10% interest per annum, compounded monthly, from August 24, 2013 to the date of judgment on $12,186.39 of that amount; (3) $6,983.09 in interest on late-paid contributions; and (4) $76,726.59 in liquidated damages for unpaid contributions.

SO ORDERED.
Dated: Brooklyn, New York
September 12, 2014

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge

---

[1] The R&R contains a minor error on page 17. It states that Castellano owes 3% interest on both the amount due under the stipulation and the liquidated damages for the amount due under the stipulation. The discussion of liquidated damages at pages 15-16 of the R&R, however, does not indicate that 3% interest applies to the award of liquidated damages, and interest is not applied to the liquidated damages judgment against MJC, (see R&R at 16). Accordingly, the Court clarifies that Castellano owes 3% interest only on the amount still due under the stipulation, $52,499.65, rather than the total amount of the judgment against him, $62,999.59.

2